THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO FLORES COLIN,<br><br>Petitioner,<br><br>v.<br><br>JASON KNIGHT, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00916-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Federico Flores Colin's Petition for Writ of Habeas Corpus[1] and accompanying Emergency Motion to Stay Transfer During Pendency of Petition.[2] For the reasons set forth below, the court DENIES the Petition and the Motion to Stay without prejudice.

## BACKGROUND[3]

### A. Petitioner Flores Colin

Flores Colin is a citizen of Mexico.[4] On August 13, 2003, Flores Colin departed the United States under a grant of voluntary departure from an immigration judge.[5] He returned to the United States approximately six months after his initial departure and has remained in the

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] Dkt. 4, *Emergency Motion to Stay Transfer During Pendency of Petition* (*Motion to Stay*).

[3] The following facts are drawn from the Petition.

[4] *Petition* ¶ 2.

[5] *Id.* ¶ 3.

country since then.[6]

On October 1, 2026, U.S. Immigration and Customs Enforcement (ICE) arrested Flores Colin for a civil immigration violation while he was on his way to work.[7] Flores Colin has yet to be charge with a crime in connection with his arrest.[8] The Petition states Flores Colin is detained at ICE's Salt Lake City Field Office in West Valley City, Utah, and it is unclear if ICE has since transferred him to a formal detention center.[9]

On the day of his arrest, Flores Colin filed the Petition and accompanying Motion to Stay.[10] He seeks immediate release from ICE detention.[11] In the alternative, he requests the court hold a bond hearing within seven days at which "Respondents must justify Mr. Flores Colin's continued detention by clear and convincing evidence."[12] Additionally, Flores Colin requests the court issue an emergency order prohibiting Respondents from removing him or transferring him to a detention facility in another state.[13]

**B. The Immigration and Nationality Act (INA)**

"The Immigration and Nationality Act (INA) is the foundation of our laws on immigration and naturalization."[14] Under the INA, the government has authority to detain

---

[6] *Id.*

[7] *Id.* ¶ 6.

[8] *Id.*

[9] *Id.* ¶ *7.*

[10] *Id.*; *Motion to Stay*.

[11] *Petition* at 22–24.

[12] *Id.* at 24.

[13] *Motion to Stay* at 2–3.

[14] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1234 (10th Cir. June 30, 2026) (quoting *Kan. v. Garcia,* 589 U.S. 191, 195 (2020)). In 1996, Congress amended the INA by enacting the Illegal Immigration Reform and Immigrant

noncitizens with pending removal proceedings.[15]

Section 1226 governs detention pending the outcome of standard removal proceedings for noncitizens arrested in the interior of the county.[16] Under the statute, immigration enforcement authorities may arrest and detain a noncitizen pending a removal decision "[o]n a warrant issued by the Attorney General."[17] Removal proceedings, as outlined in § 1229, provide a noncitizen with notice, the opportunity to secure counsel, and a hearing before an immigration judge.[18] Significantly, "§ 1226 permits immigration officials to release the alien on bond subject to some exceptions."[19]

Section 1226 also limits judicial review of discretionary bond decisions for detained noncitizens. The statute provides, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."[20]

---

Responsibility Act. *See Nken v. Holder*, 556 U.S. 418, 423 (2009); *see also* 8 U.S.C. §§ 1225, 1226.

[15] *Santillan Quiroz*, 180 F.4th at 1234. The INA refers to noncitizens as "aliens." *See, e.g.*, 8 U.S.C. § 1101(a). Courts use the terms "alien" and "noncitizen" interchangeably. *Compare Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (using "aliens"), *with Thuraissigiam*, 591 U.S. at 158 (Sotomayor, J. dissenting) (using "noncitizens"). Accordingly, the court uses both terms throughout this Order.

[16] 8 U.S.C. § 1226(a); *see also Santillan Quiroz*, 180 F.4th at 1246 (holding § 1226 governs detentions in the interior of the country, while § 1225—a stricter provision mandating detention of aliens pending removal—"is restricted to the border").

[17] 8 U.S.C. § 1226(a).

[18] *Id.* § 1229.

[19] *Santillan Quiroz*, 180 F.4th at 1234 (quoting 8 U.S.C. § 1226(a)(2)(A)) (citation modified); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

[20] 8 U.S.C. § 1226(e).

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[21] The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[22] Flores Colin bears the burden of establishing his detention is unlawful.[23]

"[O]nce a petition for writ of habeas corpus is filed, unless the court is of the opinion that the petitioner is not entitled to an order to show cause, the writ must be awarded 'forthwith,' or an order to show cause must be issued."[24] A petitioner is entitled to an order to show cause if it appears, on its face, that the habeas petition may have merit.[25] However, "[n]aked allegations of constitutional violations are not cognizable in a habeas corpus action."[26] If "it appears from the application that the applicant or person detained is not entitled thereto," the court is not required to issue an order to show cause.[27] The court exercises discretion in reaching this determination.[28]

---

[21] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[22] 28 U.S.C. § 2241(c)(3).

[23] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[24] *Harris v. Nelson*, 394 U.S. 286, 298–99 (1969) (citing 28 U.S.C. § 2243).

[25] *See Alexander v. Daugherty*, 189 F. Supp. 956, 957–58 (D. Wyo. 1960) (citing *Thomas v. Arizona*, 356 U.S. 390 (1958)); *Walker*, 312 U.S. at 284 ("It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer.").

[26] *Maes v. Diggens*, No. 23-cv-03120-SBP, 2024 WL 6475781, at *1 (D. Colo. Jan. 8, 2024) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam)).

[27] 28 U.S.C. § 2243.

[28] *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion either to dismiss the § 2241 petition if it appear[s] that the petitioner was not entitled to relief or to order the respondent to file a response"); *Ruark*, 958 F.2d at 319 (finding "naked allegations" unsupported by factual allegations are not cognizable under federal habeas statutes). Analogizing § 2241 habeas requirement to § 2254 standards, the *Garza* court concluded "the rules governing the judicial management of litigation" grant it discretion to dismiss an

## ANALYSIS

Flores Colin challenges his detention on two grounds: (1) his detention violates the Immigration and Nationality Act (INA) and (2) continued detention violates his Fifth Amendment right to due process.[29] The court denies each claim without prejudice.

### I. Violation of the INA

Flores Colin asserts his detention violates § 1226 of the INA on two grounds: (1) ICE arrested Flores Colin without a warrant, and (2) he was not afforded a custody hearing before a neutral decisionmaker.[30] The court considers—and rejects—each allegation in turn.

First, Flores Colin's warrantless arrest allegation is not sufficiently definite to merit issuing an order to show cause. Flores Colin's claim relies on an express uncertainty: the Petition states it is "unconfirmed whether ICE had a warrant to arrest Mr. Flores Colin."[31] On its face, the Petition raises no more than a speculative assumption that his arrest may have violated § 1226's warrant requirement.[32] This is not enough to present a meritorious claim for relief.[33]

Flores Colin's second argument—that he was wrongfully denied a custody hearing before

---

unmeritorious petition without ordering a response. *Garza*, 596 F.3d at 1205; *see also Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241.").

[29] *Petition* at 22–23.

[30] *Id.*

[31] *Id.* ¶ 9.

[32] *See Tyler v. Kastner*, No. CIV-10-293-M, 2010 WL 3222479, at *1, n.2 (W.D. Okla. July 30, 2010), *report and recommendation adopted*, No. CIV-10-293-M, 2010 WL 3222483 (W.D. Okla. Aug. 16, 2010) (noting the court previously "determined the initial [§ 2241] petition should be summarily dismissed on grounds that the allegations were too vague and conclusory to allow meaningful review of Petitioner's claims").

[33] *See Walker*, 312 U.S. at 284. ("It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer.").

a neutral decisionmaker prior to his detention—fares no better, as § 1226 does not mandate pre-detention hearings for noncitizens who were not previously paroled.[34] Rather, the statute provides, "The Attorney General at any time may revoke a bond or parole[,] . . . rearrest the alien under the original warrant, and detain the alien."[35] "Nothing in the brief text of the statute and the accompanying regulations suggests that procedural protections such as notice of the intention to revoke parole, service of the evidence justifying revocation, and a hearing before a neutral arbitrator are required prior to re-arrest and redetention."[36] Accordingly, Flores Colin was not entitled to appear before an immigration judge prior to his detention, and his INA violation claim fails.

While § 1226 does not afford Flores Colin the right to a pre-deprivation hearing, it does authorize him to request a prompt custody hearing upon detention.[37] But because Flores Colin neither requested nor intends to request a bond hearing before an immigration judge,[38] Respondents' failure to hold a post-detention bond hearing likewise does not constitute a § 1226 violation.

As Flores Colin fails to meet his burden of showing his detention violates the INA, the court denies his request for relief on those grounds.

---

[34] *See* 8 U.S.C. § 1226.

[35] 8 U.S.C. 1226(b).

[36] *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *6 (S.D.N.Y. Jan. 9, 2026).

[37] *Santillan Quiroz*, 180 F.4th at 1234 (quoting 8 U.S.C. § 1226(a)(2)(A)) ("[Section] 1226 permits immigration officials to release the alien on bond subject to some exceptions.") (citation modified); *see also Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); 8 C.F.R. § 1003.19(b) (permitting a noncitizen to submit an application for an initial bond redetermination before an immigration judge).

[38] *Petition* ¶ 25.

## II. Due Process Concerns

The court now turns to Flores Colin's claim his detention violates the Fifth Amendment Due Process Clause.[39] The Fifth Amendment states, "No person shall . . . be deprived of life, liberty, or property, without due process of law."[40] Flores Colin asserts both procedural and substantive due process claims.[41] Neither claim, as pled, warrants habeas relief.

### A. *Procedural Due Process*

Flores Colin avers he was deprived of a "hearing before a neutral decisionmaker."[42] To the extent Flores Colin alleges he was deprived of a pre-deprivation hearing,[43] Flores Colin has not cited—and the court is not aware of—any authority demonstrating he is guaranteed a hearing prior to detention. To the contrary: as Flores Colin acknowledges,[44] Congress has vested authority in arresting officers to make an initial custody determination, whereas immigration judges perform only redeterminations.[45] To the extent Flores Colin challenges the safeguards

[39] *Id.* at 17–21.

[40] U.S. Const. amend. V.

[41] *Petition* at 17, 20.

[42] The Petition acknowledges immigration judges perform only bond redeterminations, as initial custody determinations are reserved for ICE officers. *Id.* at 19.

[43] *Id.* at 17–18 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)—a case not involving detention of a noncitizen—for the proposition that deprivation of life, liberty, or property must "be preceded by notice and an opportunity for hearing appropriate to the nature of the case").

[44] *Id.* at 16.

[45] 8 C.F.R. § 236.1(c)(8); *see also Castro Pascual v. Dedos*, No. CV 26-1621 KG/GJF, 2026 WL 2149749 (D.N.M. July 27, 2026), *report and recommendation adopted*, No. 1:26-cv-01621-KG-GJF, 2026 WL 2861686 (D.N.M. Sept. 23, 2026) (relying on the Fourth Circuit's analysis in *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022), to determine the petitioner was not entitled to an additional due process protection beyond § 1226's safeguards); *Miranda*, 34 F.4th 338 at 362 ("The current procedures provide aliens detained by the government three separate opportunities to make their case concerning bond. The first of these opportunities, which occurs before an immigration officer, occurs almost immediately upon an alien being detained. The second opportunity for bond, a hearing before an immigration judge, often occurs soon thereafter. At that hearing, an alien has an opportunity to present evidence that he or she should be released, including through witnesses and documents. And aliens can be, and often are, represented by counsel at such hearings. As a third opportunity, if still denied bond, the alien may immediately appeal that decision to the Board. . . . [T]hese procedures provide substantial process."); *see also*

Congress enacted by alleging those procedures violate due process, the court finds he has not raised a facial challenge to the INA.[46] Therefore, the court will not consider whether due process requires additional procedures beyond those Congress prescribed. Instead, the court addresses Flores Colin's procedural due process allegation only with respect to Respondents' failure to hold a post-deprivation hearing.

Flores Colin's procedural due process claim is not yet ripe for review. "In order for a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a 'clean-cut and concrete form.'"[47] To determine whether an issue is ripe for review, the court applies a two-factor test considering "the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration."[48]

With respect to the first ripeness factor, the due process question presented in the Petition is premature for judicial review. A procedural due process claim is not actionable "until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate."[49] Here, Flores Colin filed the Petition the same day as his arrest—allowing Respondents only an exceedingly brief window in which to offer a bond hearing.[50] Respondents have not even been afforded a meaningful opportunity to provide—let alone

---

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022) (determining the procedures provided in § 1226 are facially constitutional).

[46] *See Petition* at 13–22.

[47] *Kan. Jud. Rev. v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting *Renne v. Geary*, 501 U.S. 312, 322 (1991)).

[48] *Id.* at 1116 (quoting *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990)).

[49] *Zinermon v. Burch,* 494 U.S. 113, 125–26 (1990).

[50] *See Petition*.

deprive—Flores Colin of the adequate process he is due.[51] Given the uncertainty surrounding whether Respondents are, in fact, denying Flores Colin a bond hearing, the court concludes this factor weighs heavily toward a finding the issue is unripe.

Regarding the second ripeness factor, withholding judicial consideration would not subject Flores Colin to significant hardship because he possesses the potential to effect a remedy. Flores Colin refuses to request a bond hearing before an immigration judge.[52] "A party cannot create a due process claim by ignoring established procedures."[53] While each day in custody imposes hardships on Flores Colin, the court must respect the procedures Congress enacted for detainees such as him to challenge their detention and encourage detainees to utilize them. A remedy is available to Flores Colin that may alleviate his hardship.[54] Until it is sought and rejected, it is premature for the court to determine whether Flores Colin has been deprived of due process. Accordingly, the issue is unripe for judicial resolution at this time.

B. *Substantive Due Process*

Flores Colin's substantive due process claim does not survive because it asks the court to overreach its statutorily prescribed authority.[55] Flores Colin argues "[t]he decision by

---

[51] *See Warden v. City of Grove, Okla.*, 44 F. Supp. 3d 1098, 1106 (N.D. Okla. 2014), *aff'd sub nom. Warden v. City of Grove, Oklahoma*, 604 Fed. App'x 755 (10th Cir. 2015) ("Because plaintiff has not yet sought the approval of the Planning Commission or applied for a permit, Grove has not even been given the opportunity to fail to provide plaintiff with due process. Plaintiff's federal procedural due process claim is likewise unripe and should be dismissed.").

[52] *See Petition* ¶ 25.

[53] *Santana v. City of Tulsa,* 359 F.3d 1241, 1244 (10th Cir. 2004).

[54] *See* 8 C.F.R. § 1003.19(b) (permitting a noncitizen to submit an application for an initial bond redetermination before an immigration judge).

[55] *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Respondents' agents to detain [him] was arbitrary and capricious in violation of due process."[56] But pursuant to § 1226(e), the court does not have jurisdiction to review the merits of ICE's discretionary decisions, particularly whether the decision was arbitrary and capricious.[57] Therefore, the court cannot assess whether ICE's decision to arrest Flores Colin violated his substantive due process rights.

Because Flores Colin fails to meet his burden of showing his detention violates his due process rights, the court denies the Petition on this ground as well.

## CONCLUSION

For the reasons explained above, the court DENIES Flores Colin's Petition for Habeas Corpus and Emergency Motion to Stay without prejudice.[58] The Clerk of Court is directed to close the case.

SO ORDERED this 8th day of October, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

[56] *Petition* at 20.

[57] *See LEON ARIAS v. LEYVA*, No. 2:26-cv-00812-RJS, 2026 WL 2957987, at *4 (D. Utah Oct. 1, 2026) ("[T]he court does not have jurisdiction to review the merits of ICE's discretionary decisions made pursuant to § 1226. Therefore, the court cannot find ICE's decision to arrest Leon arbitrary and capricious.") (internal citations omitted).

[58] Dkt. 1; Dkt. 4.